UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-cv-1416 |
| v. ) | |
| ) | Judge John W. Darrah |
| DERRICK B. TARTT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Report and Recommendation of Magistrate Judge Jeffrey Cole ("the Report") recommending this Court grant summary judgment in favor of Plaintiff, the United States of America ("the Government"). Defendant Derrick B. Tartt, proceeding *pro se*, filed an Objection to the Report and also was granted leave to file a Supplemental Response. For the following reasons, the Court adopts the Report and grants the Government's Motion for Summary Judgment.

## BACKGROUND

On February 28, 2012, the Government filed its two-count Complaint against Tartt, alleging he had defaulted on two Department of Education student loans and seeking to recover the balance owed of more than $775,000. By local internal operating procedure, student loan cases are automatically assigned to a magistrate judge, *see* IOP 11(f), and the matter was assigned to Magistrate Judge Cole. The Government subsequently moved for summary judgment, and the matter was fully briefed.

On May 16, 2013, by a nine-page Memorandum Opinion and Order, Magistrate Judge Cole entered summary judgment in favor of the Government and dismissed Tartt's "conspiracy"

counterclaim for lack of subject-matter jurisdiction. (*See* Dkt. No. 22, May 16, 2013 Order.) Magistrate Judge Cole cited to the evidence in the record, which included the copies of two promissory notes signed by Tartt and two corresponding certificates of indebtedness from the Department of Education. (*Id.* at 3-5.) Although Tartt disputed a few of the Government's facts, Tartt did "not cite[] a single piece of evidence to support his contentions" and did "not submit[] any evidence to the court that in any way casts doubts on his indebtedness and failure to pay." (*Id.* at 3, 5.) Therefore, Tartt failed to rebut the Government's *prima facie* case that he was in default of the student loans at issue. (*Id.* at 5.)

Magistrate Judge Cole also dismissed Tartt's counterclaim for $50 to $100 million against the United States, noting the claim "ha[d] nothing to do with [Tartt's] default on his student loan." (*Id.* at 6.) Rather, Tartt's counterclaim concerned a previous lawsuit filed by Tartt against his former employers, which was eventually dismissed and then affirmed on appeal over six years ago. *See Tartt v. Northwest Community Hosp.*, No. 00 C 7960, 2004 WL 2254041 (N.D. Ill. Oct. 5, 2004) (Norgle, J.); *Tartt v. Northwest Comm. Hosp.*, 453 F.3d 817, 823 (7th Cir. 2006).[1] Magistrate Judge Cole noted that Tartt's claim of a conspiracy, which involved the United States, BMO Harris Bank, and a plan to torture him, deny him employment, and take away his liberty, was "implausible on its face." (*See* Dkt. No. 22, May 16, 2013 Order at 7-8.) Ultimately, Magistrate Judge Cole dismissed the counterclaim for lack of subject-matter jurisdiction because claims against the United States exceeding $10,000 must be brought in the United States Court of

---

[1] This was not Tartt's first federal lawsuit. In 1978, while in college, Tartt enrolled in the Army ROTC program and committed to serve six years in the Army, including three years of active duty. He sought and received delays in his active duty obligation while he attended medical school and thereafter. When the Army ordered him to active duty in 1993, he challenged that order with a petition for *habeas corpus*, which was ultimately denied. *See Tartt v. Secretary of the Army*, No. 93 C 4550, 1994 WL 75121, *1 (N.D. Ill. Mar. 9, 1994).

Claims, and Tartt's demands vastly exceeded that amount. (*Id.* at 8.)

Final judgment was entered in favor of the Government on June 3, 2013. Tartt then filed an Objection and questioned Magistrate Judge Cole's jurisdiction since the parties had not consented. On June 6, 2013, Magistrate Judge Cole agreed, vacated the judgment, and altered the Memorandum Opinion and Order to be a Report and Recommendation instead.

The matter was subsequently assigned to this Court for ruling on the Report, and an initial status was set for September 10, 2013. A decision on the merits was delayed after Tartt filed several motions seeking to add non-parties as plaintiffs and to assert counterclaims against them, including a request to add BMO Harris Bank as a plaintiff so that he could file an injunction against them regarding an unrelated foreclosure. The Court denied Tartt's motions and subsequently ordered that Tartt seek permission from the Court before filing future motions.[2] Tartt was granted leave to file a Supplemental Response in support of his Objection, which he filed on January 6, 2014. The Government declined to file a reply.

## **LEGAL STANDARD**

Under Rule 72(b) of the Federal Rules of Civil Procedure, a party that disagrees with a magistrate judge's report and recommendations on a dispositive motion must file "specific, written objections" to the report. Fed. R. Civ. P. 72(b)(2); *see also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The district court then reviews *de novo* only those portions of the report to which the specific written objection is made. *Id.* The Seventh Circuit has interpreted "specific" as used in Rule 72(b) to require a party "only to specify each issue for which review is

---

[2] After his motions to add plaintiffs and assert counterclaims against them were denied, Tartt filed a new lawsuit naming approximately fifty defendants, including Judges Charles Norgle, Richard Posner and Kenneth Ripple, as well as various federal and state government agencies, doctors, medical associations and BMO Harris Bank. *See Tartt v. Magna Health Sys.*, No. 13-cv-8191.

sought." *Johnson*, 170 F.3d at 741. Where no objection or only a partial objection is made, the district court "reviews those unobjected portions for clear error." *Id.* at 739 (internal citations omitted). The district court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge. Fed. R. Civ. P. 72(b)(3).

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying the evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If the moving party meets this burden, the nonmoving party cannot rest on conclusory pleadings but, rather, "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)). In considering a motion for summary judgment, the court views the evidence in a light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmoving party's favor. *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005) (citing *Anderson*, 477 U.S. at 255).

## ANALYSIS

In both his fourteen-page Objection and his six-page Supplemental Response, Tartt makes very few objections to the Report's finding that he defaulted on the two student loans at issue.[3]

---

[3] Tartt has arguably violated Rule 72(b) by failing to specify the issues for which he seeks review. *See Johnson*, 170 F.3d at 741. However, given Tartt's *pro se* status, the Court has given a very liberal reading to his Objection and Supplemental Response as an objection to Magistrate Judge Cole's entire Report.

4

He states that he "agrees that there is indebtedness but does not agree to owing $775,000 or more" and that he "never stated the loans were secured at Fort Knox (Radcliff[,] KY) but after. The Plaintiff stated the loans were secured in 1995[,] at which time Defendant was stationed at Fort Knox." (Obj. at 2.)[4] The rest of his Objection focuses on the dismissal of his counterclaim and the related failure of his previous lawsuit. Likewise, in his Supplemental Response, Tartt largely focuses on the alleged misconduct of Judge Norgle in dismissing his previous lawsuit and also argues that an adverse ruling in the present action would negatively impact Tartt's newly filed lawsuit, *Tartt v. Magna Health Systems*, No. 13-cv-8191, in which he has sued Judge Norgle and approximately fifty other defendants. (*See supra*, footnote 2.)

The Court has reviewed the evidence in the record and finds that summary judgment in the Government's favor is warranted. Specifically, the Government submitted two promissory notes in favor of the United States Department of Education: the first executed by Tartt on July 23, 1997, in the original amount of $325,125.56 (Count I), and the second executed by Tartt on April 30, 1999, in the original amount of $45,863.61 (Count II). (Gov't's Rule 56.1 Statement of Material Facts, ¶¶ 6-11, Exhs. A-D.) The Government also submitted corresponding certificates of indebtedness for the two loans. This was sufficient to establish the Government's *prima facie* case of default. *See, e.g., U.S. v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009). As Magistrate Judge Cole correctly noted, Tartt did not submit any evidence that would dispute

---

[4] As Magistrate Judge Cole noted, the Government conceded that it made an error in its Rule 56.1 Statement because it mistakenly referred to the note in Count II as executed in 1995 instead of 1999. The corresponding Certificate of Indebtedness, however, correctly states that the note was executed in 1999. In his Rule 56 Response, Tartt caught the Government's error and stated that he signed the promissory note in 1999, not 1995. Tartt further stated that he was on active duty in 1995 in Radcliff, KY, an argument that he repeated in his Objection. However, since Tartt admitted that he did sign the promissory note in 1999, his whereabouts in 1995 do not change his liability on the 1999 note.

5

that he is in default of the two student loans at issue.

Likewise, dismissal of Tartt's counterclaim is warranted. Even if Tartt could state a claim against the United States, this Court would not have subject-matter jurisdiction over it because Tartt seeks damages in excess of $10,000. *See* 28 U.S.C. § 1346(a)(2) (district courts have original jurisdiction, concurrent with the United States Court of Federal Claims over civil actions against the United States "not exceeding $10,000 in amount"); *see also On-Site Screening, Inc. v. U.S.*, 687 F.3d 896, 900 (7th Cir. 2012). Therefore, Tartt's counterclaim is dismissed for lack of subject-matter jurisdiction.

## CONCLUSION

For the reasons stated above, the Court adopts the Report and Recommendation of Magistrate Judge Jeffrey Cole. Summary judgment is granted in favor of Plaintiff United States of America and against Defendant Derrick B. Tartt. Tartt's counterclaim is dismissed for lack of subject-matter jurisdiction. Plaintiff shall provide a final calculation of the amount due on the two loans so that final judgment may be entered.

Date: April 16, 2014

JOHN W. DARRAH
United States District Court Judge